# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NOELLE LeCANN, KRISTIN SELIMO, and TANIA FUNDUK, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> THE ALIERA COMPANIES INC., formerly known as ALIERA HEALTHCARE, INC., <br><br> Defendant. | CIVIL ACTION NO. <br> 1:20-CV-02429-AT |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

| | |
|---|---|
| Robert H. Rutherford <br> Elizabeth B. Shirley <br> BURR & FORMAN LLP <br> 420 North 20th Street <br> The Shipt Tower, Suite 3400 <br> Birmingham, Alabama 35203 <br> Telephone: (205) 251-3000 <br> Facsimile: (205) 458-5100 <br> rrutherford@burr.com <br> bshirley@burr.com | Sarah R. Craig <br> BURR & FORMAN LLP <br> One Tampa City Center <br> Suite 3200 <br> 201 North Franklin Street <br> Tampa, Florida 33602 <br> Telephone: (813) 221-2626 <br> Facsimile: (813) 221-7335 <br> scraig@burr.com |

*Attorneys for Defendant The Aliera Companies Inc.*

## I. <u>INTRODUCTION</u>

Plaintiffs seek leave to add two "counts" by way of a First Amended Complaint. But these "counts" are mere argument surrounding the ripe dispute before this Court: whether Plaintiffs' claims are subject to arbitration. Because Plaintiffs' proposed amendment seeks only to inject additional argument (rather than add facts relevant to existing claims or raise new legal theories of recovery), and because amendment would be futile given that the arbitrability question has been fully briefed, The Aliera Companies Inc. (Aliera) respectfully requests that this Court deny Plaintiffs' Motion for Leave to File First Amended Complaint.

## II. <u>BACKGROUND</u>

Plaintiffs filed their Class Action Complaint on June 5, 2020, raising eight counts against Aliera. (Doc. 1). In response, on July 16, 2020, Aliera moved to dismiss the claims or to compel arbitration. Plaintiffs opposed this relief, and Aliera filed a reply in support on September 4, 2020. (Doc. 28). Now, *after* the close of all briefing contemplated by the Local Rules of the Northern District of Georgia, Plaintiffs seek to supplement the record with a surreply and a First Amended Complaint, both of which attempt to bolster their position that their claims should not be arbitrated.

1

On the day they sought leave to amend, Plaintiffs also filed their proposed First Amended Complaint. (Doc. 32). The new "counts" they propose to add are fashioned as follows:

> IX.  No Arbitration Provision Applies to Plaintiffs' Claims, But If One Did, It Would Be Unenforceable as a Matter of Law.
>
> X.  No Arbitration Delegation Provision Applies to Plaintiffs' Claims, But If One Did, It Would Be Unenforceable as a Matter of Law.

Neither "count" proposes a particular cause of action. Both "counts" conclude that "Plaintiffs are entitled to a declaratory judgment on their behalf" that their claims are not subject arbitration. (Doc. 32 ¶¶ 255, 268). Thus, Plaintiffs ask this Court to permit them to amend their complaint to add "counts" asking the Court to decide whether their claims are subject to arbitration. This question is already before the Court, so the proposed amendment is superfluous.

Plaintiffs' motion likewise fails to provide any sound reason for their proposed amendment. They claim amendment is necessary to "set forth their claims regarding the inapplicability and unenforceability of the arbitration and delegation provision in their complaint," (Doc. 31, ¶ 9), but also claim that the amendment "does not add new arguments not already asserted in their response to Defendant's motion." (*Id.* ¶ 10). In other words: Plaintiffs want to amend their complaint to *include argument raised in opposition* to Aliera's pending Motion to Dismiss or Compel Arbitration.

2

Plaintiffs further argue "there will be no need for Defendant to revise their Motion to Compel or resubmit it." (*Id.*) Of course, this defies basic rules of civil procedure and logic; Aliera most certainly could not ignore an amended complaint that post-dates Aliera's pending motion directed to the original Complaint. In any event, whether the First Amended Complaint would raise new points for Aliera to address is not for Plaintiffs to decide. The First Amended Complaint will inevitably and needlessly delay resolution of the arbitrability question.

### III. ARGUMENT

Plaintiffs fail to establish any sound reason to amend their complaint to include "counts" that do not constitute legal causes of action, when the precise matters they seek to incorporate with their amendment are already before this Court. Thus, although leave to amend pleadings should generally be freely given, Plaintiffs' motion should be denied in this particular instance.

**A.   Legal Standard.**

The court should freely give leave when justice so requires. Fed. R. Civ. P. 15. However, the Court should deny leave to amend "where the amendment will result in undue delay, bad faith, undue prejudice, a repeated failure to cure deficiencies by amendments previously allowed, or futility. Amendment of a complaint would be futile when the proposed amendment would not permit the

complaint to survive a motion to dismiss." *Chamlee v. Jonesboro Nursing & Rehab. Ctr., LLC*, No. 1:18-cv-05899-ELR, 2019 WL 6042273, at *4 (N.D. Ga. Aug. 14, 2019) (citation omitted). Allowing an amended complaint is futile where "an issue exists as to whether or not the claims asserted in this case are subject to arbitration." *Id.* at *5. Thus, an amendment directed to claims subject to arbitration is futile. *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985) (affirming refusal to permit futile amendment of claims subject to arbitration); *Prof'l Mgmt. Sers. Grp., Inc. v. Zurich Am. Ins. Co.*, No. 8:14-cv-2180-T-36EAJ, 2015 WL 1310989, at *3 (M.D. Fla. Mar. 24, 2015) (denying leave to amend as futile and compelling arbitration); *see also Detroit Edison Co. v. Burlington N. & Santa Fe Ry. Co.*, 442 F. Supp. 2d 387, 394 (E.D. Mich. 2006) (collecting cases). Where, as here, "Plaintiffs did not file their motion to amend their complaint until *after* they had reviewed Defendants' papers and evidence supporting the motion to compel arbitration," leave to amend should be denied. *Rivera v. AT & T Corp.*, 420 F. Supp. 2d 1312, 1323 (S.D. Fla. 2006) (emphasis added).

"An amended complaint supersedes an original complaint." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999). Thus, a motion directed to the original complaint is moot after an amended complaint has been filed. *Byrom v. First Option Mortg., LLC*, No. 1:18-cv-00440-MHC-AJB, 2018 WL

4

3688971, at *2 (N.D. Ga. May 4, 2018), *R. & R. adopted,* 2018 WL 3688941 (N.D. Ga. May 29, 2018) (denying as moot motion to dismiss attacking original, not amended, complaint).

**B.      Analysis.**

The parties have extensively briefed whether Plaintiffs' claims are subject to arbitration. Plaintiffs requested leave to file excess pages in opposing Defendant's motion to dismiss or compel arbitration; Defendant, in turn, agreed to those excess pages and filed a longer-than-usual reply. Plaintiffs' apparent discomfort with the state of the pleadings in light of the pending motion is simply inadequate to overcome the futility of their proposed amendment.

The First Amended Complaint adds nothing to the dispute. Plaintiffs concede their amendment does not raise any new arguments. They don't explain the need for these "counts." Instead, they seek to insert opposition argument into the operative complaint by adding "counts" that are not legal causes of action. These "counts" do not raise facts supporting any causes of action. Amendment solely to add legal argument is inappropriate and should not be permitted. *See Christophe v. Morris*, 1:04-cv-1982-WBH, 2005 WL 8154840, at *1 (N.D. Ga. Nov. 22, 2005) (refusing to permit amendment that would add legal argument but not cure defects in pleading), *aff'd in part, rev'd in part, on other grounds*, 198 F. App'x 818 (11th Cir.

2006). Plaintiffs seek to argue in their complaint that their claims are not subject to arbitration; such argument is futile when the Court has already been asked to decide the effect of the written agreement to arbitrate. *Chamlee*, 2019 WL 6042273, at *5.

The futility of Plaintiffs' proposed amendment becomes even clearer when one considers the effect of the amendment if this Court *denies* the pending motion to compel arbitration. Plaintiffs' proposed First Amended Complaint would include two counts arguing that their claims are not subject to arbitration – counts that Aliera would then be required to answer; counts that would not advance the litigation; counts that raise issues already subject to extensive briefing. Aliera would then need to move to dismiss those counts for failure to state a claim, as well as address again Plaintiffs' arguments that already have been fully briefed and are pending before this Court. No purpose is served by such amendment. The First Amended Complaint serves only to delay the current arbitrability question and require pointless motion practice down the road if the Court does not compel arbitration.

In addition, in spite of Plaintiffs' unsupported statement that Aliera would not need to modify its motion, the reality is that the First Amended Complaint will supersede the prior complaint, rendering Aliera's pending motion moot. Aliera will be required to respond to the First Amended Complaint, needlessly delaying resolution of the exact question presently before this Court.

## IV. CONCLUSION

Because Plaintiffs' First Amended Complaint would delay resolution of whether their claims are subject to arbitration and be entirely futile, Aliera respectfully requests that this Court deny leave to file an amended complaint.

/s/ Sarah R. Craig
Sarah R. Craig
Georgia Bar No. 463578
Primary Email: scraig@burr.com
BURR & FORMAN, LLP
One Tampa City Center
201 North Franklin Street, Ste. 3200
Tampa, Florida 33602
Telephone: (813) 367-5766
Facsimile: (813) 221-7335

*Counsel for Defendant,*
*The Aliera Companies Inc.*

## CERTIFICATE OF COMPLIANCE

Counsel certifies that brief has been prepared using Times New Roman 14, one of the font and point selections approved by the Court in LR 5.1.

/s/ Sarah R. Craig
Sarah R. Craig

## CERTIFICATE OF SERVICE

A copy of the foregoing **DEFENDANT ALIERA'S OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT** has been filed this 28th day of September, 2020 via the Court's CM/ECF system, which will send notification of such filing to all parties of record.

    /s/ Sarah R. Craig
    OF COUNSEL