IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NOELLE LECANN, KRISTEN SELIMO, and TANIA FUNDUK, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE ALIERA COMPANIES, INC., formerly known as ALIERA HEALTHCARE, INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:20-cv-2429-AT |

## **ORDER**

This matter is before the Court on certain pending motions filed by Defendant The Aliera Companies, Inc. ("Aliera"). On August 9, 2021, Aliera filed a Motion to Stay Pending Appeal [Doc. 63]. However, the Clerk of Court for the Eleventh Circuit has since dismissed Aliera's appeal of this Court's June 22, 2021 Order.[1] Accordingly, Aliera's Motion to Stay Pending Appeal [Doc. 63] is **DENIED**

---

[1] On June 22, 2021, the Court entered an Opinion and Order denying Defendant's Motion to Dismiss or Alternatively Compel Arbitration. (Doc. 49.) Defendant appealed that decision on July 20, 2021. (Doc. 58.) However, counsel for Defendant, Burr & Forman LLP, moved to withdraw as counsel before the Eleventh Circuit; that motion was granted on October 4, 2021. (Doc. 68.) Upon granting the motion, the Clerk of Court for the Eleventh Circuit notified Defendant Aliera that a corporation must be represented by a licensed attorney and warned that if counsel was not

**AS MOOT**. Also before the Court is Aliera's Motion to Withdraw as Counsel [Doc. 76]. For good cause shown, Burr & Forman LLP's Motion [Doc. 76] is **GRANTED**. Attorneys Sarah R. Craig, Elizabeth B. Shirley, Kevin R. Stone, and the law firm of Burr & Forman LLP are discharged and terminated as counsel of record for Aliera in this matter.

On December 6, 2021, the Court was made aware that an Involuntary Petition of Bankruptcy has been filed against Aliera in the United States Bankruptcy Court for the District of Delaware. *See In re: The Aliera Companies, Inc.*, Case No. 21-11548 (JTD) (Bankr. D. Del. Dec. 3, 2021) (Doc. 1.) The Court takes judicial notice of the filing of the bankruptcy case and the filing of the Involuntary Petition, not for the truth of any matters asserted in the Petition but to establish the fact of the litigation. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

Under Section 362(a) of the Bankruptcy Code the filing of a bankruptcy petition—either voluntary or involuntary—'operates as a stay, applicable to all entities,' of—

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

---

retained within 30 days, the appeal would be dismissed. (*Id.*) Aliera did not retain new counsel. Accordingly, the Clerk of Court for the Eleventh Circuit dismissed the appeal for want of prosecution on November 15, 2021. (Doc. 80.)

11 U.S.C. § 362(a)(1); *see also In re Gaime*, 17 F.4th 1349, 1353 (11th Cir. 2021). As an involuntary petition of bankruptcy has been filed against Aliera, 11 U.S.C. § 362(a)(1)'s automatic stay provision applies to the present case. Consequently, it is therefore **ORDERED** that all proceedings and pending motions in this action are hereby **STAYED**.  The Court **ADMINISTRATIVELY CLOSES** this case. In the event the Bankruptcy Court dismisses the Involuntary Petition or lifts the stay, or if there is some other change in the proceedings before the Bankruptcy Court, Plaintiffs may move to reopen the case at that time.[2]

    **IT IS SO ORDERED** this 8th day of December 2021.

_____
**Honorable Amy Totenberg
United States District Judge**

---

[2] As the Court understands it, Plaintiffs may seek relief by filing a proof of claim against Aliera in the Bankruptcy Court.